UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICENAGE

**GEORGE STAMOS,**

        **Plaintiff,**

v.

**AOP OPERATING COMPANY, LLP, JOSEPH SOLANO AND JONATHAN SOBEL**

        **Defendants.**

Civil Action No.: 3:20-cv-01676

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES OF DEFENDANTS AOP OPERATING COMPANY, LLP, JOSEPH SOLANO AND JONATHAN SOBEL**

Defendants AOP Operating Company, LLP ("AOP"), Joseph Solano ("Solano"), and Jonathan Sobel ("Sobel") (collectively, "Defendants"), by and through their attorneys, Chiesa Shahinian & Giantomasi PC, by way of Answer to the Complaint filed by Plaintiff George Stamos ("Plaintiff" or "Stamos"), state the following:

### PRELIMINARY STATEMENT

Answering the Preliminary Statement of the Complaint, Defendants admit only that Stamos was an employee of AOP. To the extent the Preliminary Statement of the Complaint states a legal conclusion, no response is required. To the extent that the allegations contained in the Preliminary Statement can be construed as factual allegations, Defendants deny said allegations.

### JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint states a legal conclusion to which no response is required. To the extent that the allegations contained in Paragraph 1 can be construed as factual allegations, Defendants deny said allegations.

2. Paragraph 2 of the Complaint states a legal conclusion to which no response is required. To the extent that the allegations contained in Paragraph 2 can be construed as factual allegations, Defendants deny said allegations.

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent that the allegations contained in Paragraph 3 can be construed as factual allegations, Defendants deny said allegations.

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent that the allegations contained in Paragraph 4 can be construed as factual allegations, Defendants deny said allegations.

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent that the allegations contained in Paragraph 5 can be construed as factual allegations, Defendants deny said allegations.

6. Paragraph 6 of the Complaint states a legal conclusion to which no response is required. To the extent that the allegations contained in Paragraph 6 can be construed as factual allegations, Defendants deny said allegations.

## PARTIES

7. Answering Paragraph 7 of the Complaint, Defendants admit only that Stamos is a 62 two year old male. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 7 of the Complaint, and, therefore, deny said allegations.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Answering Paragraph 9 of the Complaint, Defendants admit only that AOP has a principle place of business at 959 Route 206, Princeton, NJ 08540.  Defendants deny the remaining allegations contained in Paragraph 9 of the Complaint.

10. Answering Paragraph 10 of the Complaint, Defendants admit only that Sobel is a resident and citizen of the State of New York and the owner and operator of AOP, having acquired Princeton Volkswagen on May 23, 2016.  Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.

11. Answering Paragraph 11 of the Complaint, Defendants admit only that Solano is a resident of the State of New Jersey.  Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint states a legal conclusion to which no response is required.  To the extent that the allegations contained in Paragraph 12 can be construed as factual allegations, Defendants deny said allegations.

13. Paragraph 13 of the Complaint states a legal conclusion to which no response is required.  To the extent that the allegations contained in Paragraph 13 can be construed as factual allegations, Defendants deny said allegations.

14. Paragraph 14 of the Complaint states a legal conclusion to which no response is required.  To the extent that the allegations contained in Paragraph 14 can be construed as factual allegations, Defendants deny said allegations.

15. Paragraph 15 of the Complaint states a legal conclusion to which no response is required.  To the extent that the allegations contained in Paragraph 15 can be construed as factual allegations, Defendants deny said allegations.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

## CAUSES OF ACTION

14. Defendants admit only that Plaintiff is a 62 year old male who was employed by AOP from May 23, 2016 to July 2, 2019.  Defendants deny the remaining allegations of Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint states a legal conclusion to which no response is required.  To the extent that the allegations contained in Paragraph 15 can be construed as factual allegations, Defendants deny said allegations.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19. Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants admit only that its advertising strategy changed after AOP acquired Princeton Volkswagen. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Answering Paragraph 25 of the Complaint, Defendants admit that Plaintiff was advised that he was terminated for demonstrate poor performance.  Defendants deny the remaining allegations contained in Paragraph 25 of the Complaint.

26. Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint, including subparagraphs a, b and c.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants admit the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

## COUNT I

39. Defendants restate and incorporate by reference their responses to the foregoing paragraphs as if fully and completely restated herein.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

## COUNT II

42. Defendants hereby restate and incorporate by reference their responses to the foregoing paragraphs as if fully and completely restated herein.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

## STATEMENT OF FACTS JUSTIFYING
## THE IMPOSITION OF PUNITIVE AND LIQUIDATED DAMAGES
## UNDER LAD

45. Defendants hereby restate and incorporate by reference their responses to the foregoing paragraphs as if fully and completely restated herein.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

## PRAYER FOR RELIEF

52. Defendants hereby restate and incorporate by reference their responses to the foregoing paragraphs as if fully and completely restated herein.

WHEREFORE, Defendants' demand judgment dismissing Plaintiff's Complaint with prejudice together with an award of attorney's fees and costs of suit.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of laches, unclean hands, and/or in whole or in part, by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the principles of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate his damages, if any.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred due to his failure to exhaust state, administrative and/or contractual remedies.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff was not subjected to any retaliatory treatment.

**SEVENTH AFFIRATIVE DEFENSE**

Any and all actions taken with respect to Plaintiff's employment were undertaken in good faith and for legitimate business reasons.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants have breached no legal duty owed to Plaintiff whether arising from common law, statute, contract or otherwise.

**NINTH AFFIRMATIVE DEFENSE**

Defendants have not violated any provisions of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, et seq.

**TENTH AFFIRMATIVE DEFENSE**

Defendants have not violated any provisions of the Age Discrimination Employment Act, 29 U.S.C. § 621, et seq.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any damages sustained by Plaintiff were proximately caused by the negligence or actions of persons and entities over whom Defendants had no control.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants have not intentionally or negligently caused Plaintiff any emotional distress.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a cause of action upon which an award of punitive damages can be granted.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants have not violated any public policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants have neither acted nor failed to act in a manner entitling Plaintiff to punitive and/or liquidated damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

The alleged actions or omissions of Defendants did not cause Plaintiff to suffer any damages whatsoever.

## SEVENTEENTH AFFIRMATIVE DEFENSE

There was no willfulness or malice on the part of Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred because, at all relevant times, Defendants acted in good faith in conformity with and in reliance on the applicable administrative regulations, orders, rulings, approvals, or interpretations.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert further defenses as they become evident through discovery or investigation.

**CHIESA SHAHINIAN & GIANTOMASI, PC**
*Attorneys for Defendants*
AOP Operating Company, LLP,
Joseph Solano, and Jonathan Sobel

By*:*          */s/Catherine P. Wells*
          _____
          CATHERINE P. WELLS, ESQ.
          One Boland Drive
          West Orange, NJ  07052
          *cwells@csglaw.com*
          973-325-1500

Dated: April 20, 2020

## CERTIFICATION OF SERVICE

Catherine P. Wells, a resident of the United States, certifies as follows:

On this date, I caused a copy of Defendants' Answer to Complaint and Affirmative Defenses to be filed with the Clerk of this Court and served upon all counsel of record via the Court's CM/ECF System.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

**CHIESA SHAHINIAN & GIANTOMASI, PC**
*Attorneys for Defendants*
AOP Operating Company, LLP,
Joseph Solano, and Jonathan Sobel

By*:*      */s/Catherine P. Wells*
   _____
   CATHERINE P. WELLS, ESQ.
   One Boland Drive
   West Orange, NJ  07052
   *cwells@csglaw.com*
   973-325-1500

Dated: April 20, 2020