# EXHIBIT I

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICENAGE

| | |
|---|---|
| GEORGE STAMOS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AOP OPERATING COMPANY, LLP, JOSEPH SOLANO AND JONATHAN SOBEL<br><br>　　　　Defendants. | Civil Action No.: 3:20-cv-01676<br><br>**DEFENDANTS' ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

TO:   David L. Deratzian, Esq.
　　　Hahalis & Kounoupis, P.C.
　　　20 East Broad Street
　　　Bethlehem, PA 18018
　　　*Attorney for Plaintiff George Stamos*

**COUNSEL:**

Defendants AOP Operating Company, LLP ("AoP"), Joseph Solano ("Solano") and Jonathan Sobel ("Sobel" or collectively "Defendants") by and through its attorneys, Chiesa Shahinian & Giantomasi, PC, hereby submits the following responses to Plaintiff George Stamos' ("Plaintiff") First Set of Interrogatories to Defendants ("Interrogatories"), subject to the General Objections which follow.

Defendants reserve the right to a) supplement, modify, and/or amend any response hereto; and b) object on the grounds of relevance, privilege, burden, and scope of discovery, to any demand and reserves all of its rights to object with respect to the admissibility at trial of any evidence which plaintiff shall seek to introduce at trial as required by the Federal Rules of Civil Procedure and Local Rules.

**CHIESA SHAHINIAN & GIANTOMASI, PC**
*Attorneys for Defendants*
AOP Operating Company, LLP,
Joseph Solano, and Jonathan Sobel

By:     */s/Catherine P. Wells*

CATHERINE P. WELLS, ESQ.
One Boland Drive
West Orange, NJ 07052
*cwells@csglaw.com*
973-325-1500

Dated: July 17, 2020

## **GENERAL OBJECTIONS**

Defendants' General Objections, as set forth herein, are to be considered objections and responses to each of the specific interrogatories that follow. Defendants' objections and responses shall not waive or prejudice any objections they may later assert.

1. The information supplied in these responses is not based solely upon the knowledge of the person signing them.

2. Defendants object to any and all definitions and/or instructions to the extent that the definitions and instructions either expand or conflict with the requirements and limitations of Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of New Jersey. Further, Defendants object to these interrogatories to the extent that they seek to impose obligations on Defendants that are greater than, or are inconsistent with, those imposed under the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of New Jersey.

3. Defendants object to each and every interrogatory set forth in these interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, exemption, or protection from disclosure or discovery. In the event that any such information is inadvertently provided, and such information is the proper subject of the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or exemption, such disclosure is not to be construed as a waiver of any of these privileges and/or exemptions.

4. Defendants object to each and every interrogatory set forth in these interrogatories to the extent that they: (a) are overly broad; (b) are impermissibly vague and ambiguous and fail to describe with reasonable particularity the information sought; (c) seek production of information

4813-6319-5328.v2

that is not relevant to the subject matter at issue in this action and/or is not reasonably calculated to lead to the discovery of admissible evidence; and (d) impose undue burdens that outweigh any probative value the information sought may have in this action.

5. Defendants object to each and every interrogatory set forth in these interrogatories to the extent that they purport to request information that is already in the possession, custody, or control of Plaintiff or his agents. Further, Defendants object to each and every interrogatory set forth in these interrogatories to the extent that they seek disclosure of information that is readily available and/or accessible to Plaintiff.

6. Defendants do not concede the relevancy, materiality, competency, or admissibility as evidence of the information requested in these interrogatories. Defendants reserve their right to object on any ground to the use of the responses herein in any subsequent proceeding, action or trial.

7. Defendants reserve the right to object to additional discovery into the subject matter of these interrogatories. By producing information responsive to these interrogatories, Defendants do not concede that the information requested or produced is relevant or material to the subject matter of this action or admissible at any trial thereof.

8. Defendants' General Objections and Specific Objections and their other responses are based upon information presently known to them. Defendants reserve the right to rely on facts, documents, or other evidence, which may develop or subsequently come to its attention, to assert additional objections or supplemental responses should they discover that there is information or grounds for objections, and to supplement or amend these responses at any time.

9.  The following responses are based on the best information available to Defendants as of the date of these responses and may be subject to change should additional information become available to Defendants.

10. Defendants object to Plaintiff's instructions to the extent that they purport to impose duties beyond the scope of Federal Rule of Civil Procedure 33.

11. Defendants object to these interrogatories to the extent that they seek confidential, proprietary or trade secret information.

## INTERROGATORIES

1. Identify all persons who participated in preparing responses to these Interrogatories.

**RESPONSE: Subject to and without waiving the General Objections, the following individuals assisted in answering these interrogatories and can be contacted through counsel:**

- **a. Counsel for Defendants**
- **b. Joseph Solano**
- **c. Sue Powers**
- **d. Rose Diaz**

2. Identify all documents reviewed and/or used in preparing responses to these Interrogatories with sufficient particularity to allow said documents to be obtained pursuant to a Request for Production of Documents.

**RESPONSE: Subject to and without waiving the General Objections, Defendants refer Plaintiff to the documents produced herewith.**

3. Provide the dates during which the Plaintiff was employed by Princeton Volkswagen under any corporate ownership, including but not limited to AOP Operating Company or any other entity which is related either vertically or horizontally to AOP Operating Company, and for each such date:

  a. Title of Plaintiff,
  b. Job responsibilities of Plaintiff,
  c. Plaintiff's rate of pay, history of pay and each item and element of total compensation package to the Plaintiff (specifically itemizing all employment-related benefits in addition to the Plaintiff's wage and/or salary) and, without limitation, identifying specifically the date, nature and extent of each change regarding same.
  d. The identity of the person, corporation, partnership or other business entity that owned or controlled Princeton Volkswagen.

**RESPONSE: Defendants object to this interrogatory to the extent that it is overly broad, is impermissibly vague and ambiguous and fails to describe with reasonable particularity the information sought. Subject to and without waiving the General Objections, Defendants refer Plaintiff to the documents produced herewith and also state:**

- **a. Plaintiff was the Sales Manager for Pre-Owned Cars at Princeton Volkswagen ("Sales Manager") for AoP Operating Company, LLC since May 23, 2016.**
- **b. As Sales Manager, Plaintiff's job responsibilities included the purchasing and marketing and sales of pre-owned vehicles, training and motivating the sales team, inventory rotation and being an ambassador in developing and maintaining relationships with customers**

    c. **Plaintiff's Compensation Plan was as follows:**
        i. Salary            $850 per week
        ii. Car Allowance   $300 per month
        iii. Commission     5% of Total Pre-owned Gross including F&I, Keep it Audi, and Audi CPO Performance Bonus
    d. **Princeton Volkswagen is owned and operated by AoP operating Company, LLC.**

4. Identify all documents reviewed and/or prepared by AOP Operating Company regarding the disciplining, sanctioning, reprimanding, termination and/or regarding any change in Plaintiff's job status, title, pay, benefits or responsibilities of the Plaintiff by AOP Operating Company, and attach a copy to these Answers.

**RESPONSE: Defendants object to this interrogatory to the extent that it is overly broad, incomprehensible, unduly burdensome, impermissibly vague, and ambiguous and fails to describe with reasonable particularity the information sought. Defendants further object to this interrogatory as requesting information neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections or the General Objections, see the documents produced herewith.**

5. Identify all managers/supervisors/employees/officers/directors and/or shareholders or owners currently or formerly employed by AOP Operating Company who had any involvement in the interviewing, hiring, evaluating, reviewing, promoting, demoting, transferring, raises, benefits, bonuses, salary, disciplining, sanctioning, reprimanding, and/or the termination of the employment of the Plaintiff by AOP Operating Company.

**RESPONSE: Defendants object to this interrogatory to the extent that it is overly broad, incomprehensible, unduly burdensome, impermissibly vague, and ambiguous and fails to describe with reasonable particularity the information sought. Defendants further object to this interrogatory as requesting information neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the General Objections, in connection with the acquisition of Princeton Volkswagon by AoP, all but one employee was hired by it on May 23, 2016. The following individuals were involved in the decisions relating to Plaintiff's employment:**

    a. **Jonathan Sobel—General Manager of AoP Operating Company**
    b. **Joseph Solano – General Manager of AoP Operating Company**

6. State whether AOP Operating Company or anyone acting on AOP Operating Company's behalf have obtained written statements or taken notes with respect to verbal statements or conversations made in any form by any person regarding any of the events or happenings that occurred in regard to the incidents referred to in the Complaint, AOP Operating Company's Answer and/or Affirmative Defenses thereto, and the Plaintiff's job performance at any point prior to his termination, and if so, attached a copy to these Answers.

**RESPONSE: Defendants object to this interrogatory to the extent that it is overly broad, incomprehensible, unduly burdensome, impermissibly vague, and ambiguous and fails to describe with reasonable particularity the information sought. Defendants further object to this interrogatory as requesting information neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections or the General Objections, no.**

7. State each fact known to you which forms the basis for each denial and Affirmative Defense set forth in your Answer to Plaintiff's Complaint, and for each, state the date upon which and the manner in which you came into possession of such fact, including but not limited to the identification of any documents or persons that related each fact.

**RESPONSE: Defendants object to this interrogatory to the extent that it is overly broad, incomprehensible, unduly burdensome, impermissibly vague, and ambiguous and fails to describe with reasonable particularity the information sought. Defendants further object to this interrogatory as requesting information neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection or the General Objections, Defendants state that Plaintiff was discharged because of consistent poor performance as a Sales Manager. There were repeated complaints about Plaintiff by the sales team that he was uncooperative, unapproachable, refused to talk with customers in order to assist with closing sales, refused to provide training to new sales team members and, overall, demotivated the sales staff. Sales staff members complained that working with him was frustrating as they had to go around him to get discounts on vehicles and securing the approval from the General Manager. Plaintiff also refused to learn technology which would enable him to purchase vehicles priced to market and, in at least one instance, purchased a number of vehicles at a price point without knowing that the market was flooded with vehicles of that model, age and mileage causing Defendants to be unable to sell those vehicles quickly and profitably. Defendants retained Mike Clites to train Plaintiff on the vAuto software and other digital platforms to enable him to improve his ability to purchase vehicles that could be sold at a profit, but Plaintiff refused to actively engage in the training and was reluctant to implement the digital sales platform.**

8. State the name, address and telephone number of any individual with knowledge pertaining to any of the issues in this case, and state in specific detail what, to the best of your knowledge, the individual knows about this case or the issues surrounding it and/or any of the assertions in the Plaintiff's Complaint and/or AOP Operating Company's Answer and Affirmative Defenses. Mere reference to Defendant's Rule 26 Disclosures is not a sufficient response to this Interrogatory.

**RESPONSE: Defendants object to this interrogatory as being vague, overbroad and unduly burdensome and to the extent it is requesting information that is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection or the General Objections, Defendants list the following persons with relevant knowledge:**

a. Jonathan Sobel possesses knowledge of George Stamos' work history and substandard performance as the Pre-Owned Sales Manager at Princeton Volkswagen, his inability to adapt to a digital marketing and sales platform and his inability to work cooperatively with the sales team.

b. Joseph Solano possess possesses knowledge of George Stamos' work history and substandard performance as the Pre-Owned Sales Manager at Princeton Volkswagen and his inability to adapt to a digital marketing and sales platform, his inability to work cooperatively with the sales team and the complaint of discriminatory behavior by Alan Geller.

c. George Stamos possesses knowledge of his employment at Princeton Volkswagen, his substandard performance as a Pre-Owned Cars Sales Manager, his reluctance and failure to adapt to a digital sales and marketing platform, his discriminatory remarks to Allan Geller and his apology, his inability to manage and motivate his sales team, his reference to customers of Indian descent as the "Patels" or the "Kumars", his ageist comments to John Ivarone, his refusal to provide training and guidance to the sales team as well as other inappropriate comments made to sales associates.

d. Rich Ortiz possess knowledge of Plaintiff's inability to effectively communicate with his sales associates, Plaintiff's failure to adapt to a digital sales and marketing platform in an effort to increase sales, his inappropriate comments to sales associates and customers and the fact that sales associates preferred to work Ortiz instead of Plaintiff because of Plaintiff' rude treatment of them.

e. Michael Clites possesses knowledge of his attempts to provide training to Plaintiff on a digital sales and marketing platform, specifically, the vAuto software. He also is aware of Plaintiff's reluctance to learn and understand the software.

f. Alan Geller possesses knowledge of Plaintiff's poor managerial style and Plaintiff's refusal to provide training to new sales associates and guidance as a manager, Plaintiff's inappropriate comments to customers and sales associates, the discriminatory comments made to him by Plaintiff, Plaintiff's apology for the discriminatory remarks about his wife as well as apologizing from blaming Geller for things he did not do, and the fact that sales associates preferred to work Ortiz instead of Plaintiff because of Plaintiff rude treatment of them.

g. Matthew Kassin possesses knowledge of Plaintiff's poor managerial style, Plaintiff's refusal to provide training to new sales associates and guidance as a manager, Plaintiff's inappropriate comments to customers and sales associates, his inappropriate comments about customers' ethnicity and the

> fact that sales associates preferred to work Ortiz instead of Plaintiff because of Plaintiff rude treatment of them.
>
> h. **Rose Diaz has knowledge of Plaintiff's inability to utilize technology as simple as email inasmuch as when she forwarded reports to him, he would not respond because he did not know how to open the email or reply.**

9. State the name and address of each person whom you expect to call as an expert witness at trial and provide all information concerning this proffered expert as required under Federal Rule of Civil Procedure 26.

**RESPONSE: Defendants object to this interrogatory as being vague, overbroad, unduly burdensome and to the extent it is requesting information that is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request as premature. Subject to and without waiving this objection or the General Objections, Defendants have not yet retained an expert. If and when Defendants determine whether they will require expert testimony, Defendants will supplement their response to this request as required by the Federal Rules of Civil Procedure and Local Rules.**

10. State each occasion in which any employee, manager, owner or other agent of AOP Operating Company had any conversation or discussions with Plaintiff regarding his job performance, stating the date, time, location, those persons present and the subject matter of each.

**RESPONSE: Defendants object to this interrogatory to the extent that it is overly broad, is impermissibly vague and ambiguous and fails to describe with reasonable particularity the information sought and to the extent it is requesting information that is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection or the General Objections, Joseph Solano had repeated conversations with Plaintiff regarding his poor performance often in response to complaints from sales team members. In addition, in an effort to assist Plaintiff, Solano brought in Mike Clites to train him as well as Rich Ortiz on vAuto and other digital sales and marketing platforms to enable them to purchase and price vehicles to market. Solano discussed with Plaintiff his need to learn the software but Plaintiff refused to engage and was dismissive of the digital tools. Solano also had a conversation with Plaintiff regarding his discriminatory comments made to Alan Geller.**

11. Identify all individuals whose employment was terminated by AOP Operating Company from January, 2016 to the present date, specifically identifying their ages, descriptions of job duties, shifts worked, and the reason their employment was terminated.

**RESPONSE: Defendants object to this interrogatory as being overbroad and unduly burdensome. Defendants further object to this interrogatory as seeking information neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this interrogatory to the extent that it seeks confidential information as well as private, confidential information regarding non-parties. Subject to**

and without waiving this objection or the General Objections, see the documents produced herewith.

12. Identify all individuals hired by AOP Operating Company from January, 2016 to the present date specifically identifying their ages, descriptions of job duties, shifts worked, their current employment status with AOP Operating Company, and if no longer employed by AOP Operating Company, the reason they are not currently employed by AOP Operating Company.

**RESPONSE: Defendants object to this interrogatory as being overbroad and unduly burdensome. Defendants further object to this interrogatory as seeking information neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this interrogatory to the extent that it seeks confidential information regarding non-parties. Subject to and without waiving this objection or the General Objections, see documents produced herewith.**

13. Identify any and all AOP Operating Company employees from January, 2016 to the present date who have been disciplined in any way for job performance issues, including but not limited to not meeting sales quotas, and for each stating the name and age of any such employee and the reason for such disciplinary action specifically identifying the sales quotas and sales performance.

**RESPONSE: Defendants object to this interrogatory as being overbroad and unduly burdensome. Defendants further object to this interrogatory as seeking information neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this interrogatory to the extent that it seeks confidential information as well as private, confidential information regarding non-parties. Subject to and without waving these objections or the General Objections, the following sales individuals were disciplined: Oscar Matamoras was written up and placed on a performance improvement plan for failing to make sufficient calls and work. He was furloughed in March 2020 as a result of COVID-19 and was offered reinstatement in May 2020, but elected not to return to work. Matthew Flint was a salesperson who was first disciplined for absenteeism and then terminated for absenteeism.**

14. If you allege that you took reasonable steps to remediate any perceived deficiencies in Plaintiff's performance, state what steps were taken, what person or persons took those steps, the date, time, and place that each step was taken, and the substance of each step.

**RESPONSE: Defendants object to this interrogatory as being overbroad and unduly burdensome. Defendants further object to this interrogatory as seeking information neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections or the General Objections, Michael Clites, a Sales Manager from Honda of Princeton, was brought in to assist and to train Plaintiff and Rich Ortiz with respect to VW's use of a digital sales platform. Clites had extensive experience in finding market data to ensure that the cars were priced to market. Clites was specifically brought over from Honda of Princeton to train Stamos on how to use the digital platform. See also Defendants' responses to interrogatory nos. 7, 8, 10 and 15.**

15. Identify all sources of used and pre-owned cars that Princeton Volkswagen has utilized from 2011 to present.

**RESPONSE: Defendants object to this interrogatory as being overbroad and unduly burdensome. Defendants further object to this interrogatory as seeking information neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections or the General Objections, the sources of used and pre-owned vehicles included trade-ins, lease returns and going to auction to acquire inventory. While Princeton Volkswagon continues to utilize the same sources, it now uses market data to determine what specific types of vehicles should be acquired that will sell quickly and profitably. In order to purchase vehicles that could be quickly and profitably sold, it was critical to understand the market needs and trends as well as what was available in the market. By utilizing market driven data in acquiring vehicles, a dealer could avoid acquiring too many vehicles of the same model, age and mileage at the same price point that were available at other dealers within the region. This information was available through vAuto.**

16. Set forth the level of inventory that was maintained at Princeton Volkswagen from the date that AOP Operating Company acquired Princeton Volkswagen for used and pre-owned cars, including the levels under the prior ownership, and as to any change to the level of inventory, state the reason for the change. To the extent any plans for inventory levels were in written (including electronically stored) form, please attach a copy to your Answers. Please attach a copy of all records that reflect the level of inventory of used and pre-owned cars from January 2013 to the present. If your response is that the requested records, or any part thereof are not in the possession or control of AOP Operating Company, state the identity of the person or entity that you believe has possession or control of the requested records.

**RESPONSE: Defendants object to this interrogatory as being overbroad and unduly burdensome. Defendants further object to this interrogatory as seeking information neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections or the General Objections, Defendants refer to the documents produced herewith.**

17. Describe all marketing plans that was in place for Princeton Volkswagen from the date that AOP Operating Company acquired Princeton Volkswagen for used and pre-owned cars, including the plan(s) as they existed under the prior ownership, and as to any alterations in the marketing plan, state the reason for the change. To the extent the marketing plans were in written (including electronically stored) form, please attach a copy to your Answers.

**RESPONSE: Defendants object to this interrogatory as being overbroad and unduly burdensome. Defendants further object to this interrogatory as seeking information neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections or the General Objections, none. However, as set forth in Defendants response to interrogatory no. 15, the manner in which it acquired and**

marketed vehicles changed to utilizing digital market data to make informed acquisition decisions.

18. State whether Jonathan Sobel derived any financial benefit, including but not limited to reduction of tax liability, from any reduction in revenue from Princeton Volkswagen.

**RESPONSE: Defendants object to this interrogatory to the extent that it is overly broad, is impermissibly vague and ambiguous and fails to describe with reasonable particularity the information sought and to the extent it is requesting information that is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence.**

## CERTIFICATION

I hereby certify that the foregoing answers to Interrogatories are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Joseph Solano
AOP Operating Company, LLP.

Dated: July 16, 2020

4813-6319-5328.v2