# EXHIBIT P

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICENAGE

| | | |
|---|---|---|
| GEORGE STAMOS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No.: |
| v. | : | |
| | : | |
| AOP OPERATING COMPANY. LLP, | : | |
| JOSEPH SOLANO and | : | |
| JONATHAN SOBEL | : | |
| Defendants | : | JURY TRIAL DEMANDED |

COMPLAINT

I. **PRELIMINARY STATEMENT**

This is an action for an award for damages, liquidated damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, George Stamos (hereinafter "Plaintiff"). Plaintiff was an employee of Defendant, AOP Operating Company, LLP d/b/a Princeton Volkswagen (hereinafter, "Princeton Volkswagen "), who has been harmed by violations of the New Jersey Law Against Discrimination ("LAD"), N.J. Stat. § 10:5-1 *et seq.* and the age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.

II. **JURISDICTION AND VENUE**

1. The original jurisdiction and venue of this Court is invoked in this District pursuant to 28 U.S.C. § 1331 as it raises a Federal question under the ADEA.

2. Venue is proper in the District of New Jersey in that some or all of the events complained of herein occurred in Princeton, Mercer County, New Jersey.

3. All conditions precedent to the institution of this suit have been fulfilled.

1

4. Plaintiff has invoked the procedure set forth in the ADEA. On or about September 3, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), against Princeton Volkswagen alleging, inter alia, age-based employment discrimination and retaliation.

5. More than sixty days has elapsed from the filing of the Charge.

6. This action has been filed within two (2) years of the last adverse employment action committed by Princeton Volkswagen .

### III. **PARTIES**

7. Plaintiff is a sixty-two (62) year old male citizen and resident of the State of New Jersey, residing in Titusville, Mercer County.

8. Plaintiff, at all times pertinent hereto, was employed a Sales Manager by Princeton Volkswagen, 1998 through the date of the termination of his employment on July 2, 2019.

9. AOP Operating Company, LLP d/b/a Princeton Volkswagen (hereinafter "Princeton Volkswagen ") is a corporation organized and doing business under the laws of New Jersey with registered offices and a principle place of business at 959 Route 206, Princeton, NJ 08540.

10. Defendant Jonathan Sobel (hereinafter "Sobel") is a resident and citizen of the State of New York. At all times relevant to this action, Sobel was the Owner-Operator of Princeton Volkswagen . At all times relevant hereto, Sobel was an agent, servant workman, and/or employee of Princeton Volkswagen , acting

2

and/or failing to act within the scope, course, and authority of his employment and his employer, Princeton Volkswagen . At all times relevant, Sobel was acting in his supervisory and/or personal capacity.

11. Defendant Joseph Solano (hereinafter "Solano") is a resident and citizen of the State of New Jersey. At all times relevant to this action, Sobel was the General Manager of Princeton Volkswagen . At all times relevant hereto, Sobel was an agent, servant workman, and/or employee of Princeton Volkswagen , acting and/or failing to act within the scope, course, and authority of his employment and his employer, Princeton Volkswagen . At all times relevant, Solano was acting in his supervisory and/or personal capacity.

12. At all times relevant herein, Plaintiff was an "employee" as defined by the LAD, N.J. Stat. § 10:5-5(f), and is subject to the provisions of said Act.

13. At all times relevant herein, Plaintiff was an "employee" as defined by the ADEA, 29 U.S.C. 630(f), and is subject to the provisions of said Act.

14. At all times relevant herein, Princeton Volkswagen was an "employer" and "person" as defined the LAD, N.J. Stat. § 10:5-5(e) and (a), and is subject to the provisions of said Act.

15. At all times relevant herein, Princeton Volkswagen was an "employer" and "person" as defined the ADEA, 29 U.S.C. 630(b), and is subject to the provisions of said Act.

16. At all times relevant hereto, Princeton Volkswagen was acting through its agents, servants and employees, who were acting within the scope of their

3

authority, course of employment and under the direct control of Princeton Volkswagen .

17. At all times relevant hereto, Princeton Volkswagen was acting through its agents, servants and employees, including but not limited to Sobel and Solano, who was acting within the scope of their authority, course of employment and under the direct control of Princeton Volkswagen .

18. At all times relevant hereto, Princeton Volkswagen acted by and/or failed to act by and through the conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

19. At all relevant times herein, Princeton Volkswagen knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

## IV. CAUSES OF ACTION

14. Plaintiff is a 62 year old male who was employed by Princeton Volkswagen from 1998 through July 2, 2019. Plaintiff was hired by Princeton Volkswagen in 1998 as the Sales Manager.

15. At all relevant times, Sobel, Princeton Volkswagen's Owner and Solano, as General Manager, were Plaintiff's supervisors.

16. During Plaintiff's employment with Princeton Volkswagen , Plaintiff performed his job duties in a proper and competent manner and was an exemplary employee.

17. Plaintiff was consistently rated one of Volkswagen's top performing Sales

4

Managers in the region.

18. As of 2019, Plaintiff was the Sales Manager for Pre-Owned cars.

19. Sobel acquired Princeton Volkswagen through the vehicle of AOP Operating Company in or about 2016.

20. Sobel had no experience in the automobile industry at the time that he acquired Princeton Volkswagen.

21. After Sobel acquired Princeton Volkswagen, advertising of new car sales was withdrawn and/or significantly reduced in print and broadcast media.

22. In addition, the budget for the acquisition of pre-owned cars was significantly reduced.

23. Nonetheless, Plaintiff continued to maintain exceptional performance and continued to be recognized as a sales leader in his region.

24. Despite his proper and competent performance, Princeton Volkswagen, through Sobel and Solano, terminated Plaintiff's employment on or about July 2, 2019 for no stated reason.

25. Defendants have subsequently asserted that Plaintiff demonstrated poor performance.

26. Defendants have also asserted that they assigned another sales manager to assist Plaintiff in improving his sales.

27. This assertion is false and pretextual, and a recent fabrication designed to conceal the true reason of age discrimination, including but not limited to

    a. Defendants did not assign anyone to assist Plaintiff in improving his

5

sales.

   b. Plaintiff was at all times a top performer in sales in his region;

   c. Defendants had never criticized Plaintiff's job performance prior to the termination of his employment.

28. In addition, Plaintiff has observed during the course of his employment with Princeton Volkswagen under AOP ownership that older employees were being terminated or forced to resign, and were being replaced by younger, less experienced employees.

29. Upon information and belief, Plaintiff was replaced by a younger male.

30. Defendants' reasons for termination were manufactured and pretextual in order to conceal the age-based animus for discrimination.

31. Specifically, Princeton Volkswagen had a continuing need and requirement for a Porsche Sales Manager, the position was not eliminated, and a significantly younger individual was hired for that position.

32. After Plaintiff was terminated and filed a Charge of Discrimination with the EEOC, Defendants asserted for the first time that Plaintiff was terminated for poor sales performance.

33. Princeton Volkswagen engaged in this aforementioned discriminatory and retaliatory conduct as part of a practice of ousting older employees and maintaining a younger work staff.

34. Plaintiff was terminated by Princeton Volkswagen solely due to his age.

35. As a direct result of Princeton Volkswagen 's conduct, Plaintiff has been

irrevocably damaged.

36. As a direct result of Princeton Volkswagen's above-stated conduct, Plaintiff has suffered on-going back-pay and front-pay losses.

37. As a direct result of Princeton Volkswagen's above-stated conduct, Plaintiff has suffered and continues to suffer emotional, psychological, and physical distress and humiliation.

38. As a direct result of Princeton Volkswagen's above-stated conduct, Plaintiff's career, professional and job opportunities have been impaired and damaged and she has suffered a loss of earnings and earning capacity.

### COUNT I
### PLAINTIFF v. PRINCETON VOLKSWAGEN, SOBEL and SOLANO
### VIOLATION OF THE LAD

39. Paragraphs 1 through 38 inclusive, are incorporated by reference as if fully set forth at length herein.

40. The unlawful actions of Defendants acting as aforesaid, constitute a violation of the LAD. The said unlawful practices for which Defendants are liable to Plaintiff include, but are not limited to, discriminating against Plaintiff due to his age.

41. As a direct result of Princeton Volkswagen's willful and unlawful actions subjecting Plaintiff to age-based discrimination and retaliation in violation of the LAD, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

7

## COUNT II
## PLAINTIFF v. PRINCETON VOLKSWAGEN
## VIOLATION OF THE ADEA

42. Paragraphs 1 through 41 inclusive, are incorporated by reference as if fully set forth at length herein.

43. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to subjecting Plaintiff to age-based discrimination and retaliation.

44. As a direct result of Sobel's willful and unlawful actions in aiding and abetting in the discrimination and retaliation set forth herein in violation of the LAD, Plaintiff has sustained, severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

## STATEMENT OF FACTS JUSTIFYING
## THE IMPOSITION OF PUNITIVE AND LIQUIDATED DAMAGES
## UNDER THE LAD

45. Paragraphs 1 through 44 inclusive, are incorporated by reference as if fully set forth at length herein.

46. At all times relevant hereto, Defendants knew or should have known of the pattern of conduct in which they had engaged and in which they continued to engage.

47. At all times relevant hereto, Defendants knew or should have known that the aforesaid pattern of conduct was in violation of law and Princeton Volkswagen's

8

stated policies and terms of employment.

48. Despite such knowledge, Defendants failed to adequately investigate, discipline, or discharges its agents, servants, and representatives who discriminated and retaliated against Plaintiff and created a hostile work environment.

49. Defendants failed and refused to properly protest and support Plaintiff and in fact subjected or permitted him to be subjected to discrimination.

50. The actions of Princeton Volkswagen were taken and ratified at the behest of its owner, Jonathan Sobel.

51. At all times relevant hereto, Princeton Volkswagen acted willfully, wantonly, recklessly, and with an outrageous disregard and indifference to the rights, safety, and well-being of Plaintiff.

## V. **PRAYER FOR RELIEF**

52. Plaintiff repeats the allegations of paragraphs 1 through 51 of this Complaint as if set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in her favor and against Princeton Volkswagen, Solano and Sobel and request that this Court:

  a. Exercise jurisdiction over his claims;

  b. Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, severe emotional trauma, including, and punitive/liquidated damages as may be available under law;

9

c. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

d. Order Princeton Volkswagen, Solano and Sobel to compensate Plaintiff with a rate of pay and other benefits and emoluments to employment, to which he would have been entitled, had he not been subject to unlawful discrimination;

e. Order Princeton Volkswagen, Solano and Sobel to compensate Plaintiff with an award of front pay, if appropriate;

f. Order Princeton Volkswagen, Solano and Sobel to compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conducts;

g. Order Princeton Volkswagen, Solano and Sobel to pay to Plaintiff punitive damages and compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

h. Order Princeton Volkswagen, Solano and Sobel to pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

i. Award such other relief as is deemed just and proper.

## VI. JURY DEMAND

Plaintiff demands trial by jury.

                                      HAHALIS & KOUNOUPIS, P.C.

                                  By: /s/_____
                                      DAVID L. DERATZIAN, ESQUIRE
                                      20 East Broad Street
                                      Bethlehem, PA 18018
                                      (610) 865-2608
                                      Attorneys for Plaintiff

Dated: February 18, 2020

11